UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-00665-JMS-DML |
| | ) |
| BARTHOLOMEW COUNTY COURT SERVICES, | ) |
| | ) |
| Defendant. | ) |

### ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE

In advance of trial, Plaintiff John Jordan filed a Motion in Limine seeking to preclude Defendant Bartholomew County Court Services ("Bartholomew") from introducing or referring to any lawsuit, charge, and/or complaint filed by Mr. Jordan against another employer. [Filing No. 53 at 1.] On February 18, 2016, the Court held a final pre-trial conference where it took under advisement Mr. Jordan's Motion in Limine.[1] [Filing No. 63 at 3.] For the reasons that follow, the Court **GRANTS** Mr. Jordan's Motion in Limine.

Mr. Jordan seeks to prevent the introduction of evidence related to a lawsuit against his former employer. [Filing No. 54 at 5.] He argues that this information is neither admissible nor relevant, and that the introduction of this evidence does not make the existence of any pertinent fact more or less probable. [Filing No. 54 at 5.] He claims that even if it is relevant, the minimal probative value is substantially outweighed by unfair prejudice, and that it would confuse or mislead the jury. [Filing No. 54 at 5-6.] He contends that the introduction of this evidence would

---

[1] In addition to the Motion in Limine at issue, Mr. Jordan also filed three other Motions in Limine. [Filing No. 53 at 1.] During the final pre-trial conference, Bartholomew did not object to and the Court granted two of Mr. Jordan's Motions in Limine. [Filing No. 63 at 3.] The Court denied a third Motion in Limine without prejudice. [Filing No. 63 at 3.]

1

make him appear litigious and would divert the jury's focus from the real issue in the case – whether Bartholomew created a racially-hostile work environment for Mr. Jordan or retaliated against him for complaining about race harassment. [Filing No. 54 at 6.]

Bartholomew objects to Mr. Jordan's Motion in Limine and argues that the previous charge of race discrimination against his former employer, which settled in 2009, is relevant since the claims are similar to this case. [Filing No. 62 at 1.] Bartholomew argues that Mr. Jordan began having disciplinary problems at work in 2013, and thus began making assertions of race discrimination in 2013. [Filing No. 62 at 2.] In one instance, Bartholomew claims that Mr. Jordan was heard saying that he could not be fired because he was the "black quota," and that he was aware of issues relating to discrimination. [Filing No. 62 at 2.] Bartholomew further asserts that this would be relevant to show that Mr. Jordan knew how to create a documented trail based on his past experience with discrimination cases and that he has knowledge of the procedures. [Filing No. 62 at 2.] Bartholomew also argues that it is relevant to show whether he was creating a record for another lawsuit in case his employment was terminated. [Filing No. 62 at 3.]

Evidence of prior acts is not admissible to prove the character of a person in order to show action in conformity therewith, but it may be admissible for other purposes, including but not limited to proof of intent, preparation, plan, or knowledge. *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (citing Fed. R. Ev. 404(b)). The Seventh Circuit Court of Appeals provides a four-part test that, if met, allows evidence of prior acts to be admitted: 1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; 2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; 3) the evidence must be such that the jury could find the act occurred and the party in question committed it; and 4) the prejudicial effect of the evidence must not

substantially outweigh its probative value. *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775-76 (7th Cir. 2001); *Gastineau*, 137 F.3d at 494-495.

The Court acknowledges that the first three factors are met. First, Bartholomew claims the evidence would show that because Mr. Jordan feared losing his job, he started making a record for a race discrimination or hostile work environment lawsuit, and that he had knowledge of the procedures based on his past experience. Second, Mr. Jordan's previous lawsuit against his former employer is similar because, like the current case, it involved a race discrimination claim against another employer, and since it settled in 2009, it is arguably close enough in time.[2] As to the third factor, the jury could conclude that because the case settled, Mr. Jordan's previous lawsuit had some merit and was not frivolous.

The Court finds, however, that the prejudicial effect of evidence related to Mr. Jordan's previous lawsuit may, depending on the context in which it is admitted, outweigh its probative value. As a general matter, a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. *Nelson v. City of Chicago*, 810 F.3d 1061, 1071 (7th Cir. 2016); *Mathis*, 269 F.3d at 776. There are *rare exceptions* when the evidence is admitted for reasons other than to show the plaintiff's litigious character and it is sufficiently probative to survive Fed. R. Ev. 403 balancing. *Nelson*, 810 F.3d at 1071. Given Bartholomew's reasons, such rare exceptions may not exist here. Seventh Circuit precedent has shown that the introduction of this evidence depends on the factual context of the case and the manner in which it is introduced. The parties disagreed at the final pre-trial conference as to the relative timing of Mr. Jordan's complaints of racial harassment and any discipline he may

---

[2] Details regarding Mr. Jordan's lawsuit against his former employer are not available since the settlement agreement contains a non-disclosure provision, and Bartholomew did not seek a Court order to gain access to the settlement agreement.

3

have incurred. For Bartholomew's theory of admissibility to succeed, the discipline must have proceeded the complaints. Given the uncertainty, there is some risk of presenting Mr. Jordan as a litigious plaintiff, and of distracting the jury from the merits of the case. *See id.* (Seventh Circuit reversed and remanded the district court's decision where the defendants' "repeated references to [plaintiff's] other lawsuits during closing argument were clearly intended to undermine [plaintiff's] credibility and stir juror bias against him as a chronic litigant"); *Mathis*, 269 F.3d at 776-777 ("[T]he district court was faced with an offer of evidence that had some permissible uses but that could also have given rise to the impermissible inference that, because [plaintiff] was given to filing frivolous lawsuits, the jury should not credit his claims in this suit. When 'the same evidence has legitimate and forbidden uses, when the introduction is valuable yet dangerous,' the district court has great discretion in determining whether to admit the evidence.") (citation omitted). If evidence establishes that the discipline preceded the complaints, the balance may well shift.

Accordingly, the Court **GRANTS** Mr. Jordan's Motion in Limine. If at any time Bartholomew believes the evidence as admitted warrants relief from this order, it may seek relief from this order outside the presence of the jury.

Date: March 7, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

4

Distribution:

Raymond J. Hafsten, Jr.
hafsten@sbcglobal.net

Natalie R. Dickey
EMPLOYMENT LAW OFFICE OF JOHN H. HASKIN & ASSOCIATES, LLC
ndickey@jhaskinlaw.com

Ryan C. Fox
FOX WILLIAMS & SINK LLC
rfox@fwslegal.com

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Laura Ann Turner
INDIANA ATTORNEY GENERAL
laura.turner@atg.in.gov

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES
bwilson@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Meghan Uzzi Lehner
JOHN H. HASKIN & ASSOCIATES
mlehner@jhaskinlaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov